UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| TRAVIS BENTON, | ) |
|---|---|
| | ) |
| Plaintiff, | ) |
| | ) No. 2:15-CV-002-JRG-MCLC |
| v. | ) |
| | ) |
| BUTCH GALLION, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This is a pro se prisoner's civil rights action, filed under 42 U.S.C. § 1983. Now before the Court is a motion for summary judgment filed by Defendant Gallion [Doc. 26],[1] a motion for extension/motion to compel filed by Plaintiff [Doc. 35], two motions to amend/revise complaint filed by Plaintiff [Docs. 38 and 39], and a motion to appoint counsel filed by Plaintiff [Doc. 41]. For the reasons set forth below, Defendant Gallion's motion for summary judgment [Doc. 26] will be **GRANTED** and this action will be **DISMISSED**. Accordingly, Plaintiff's motion for

---

[1] In support of his motion for summary judgment, Defendant Gallion filed a statement of material facts [Doc. 27], a sworn declaration [Doc. 27-1], and a memorandum of law [Doc. 28]. Plaintiff filed a response in opposition [Doc. 29] and Defendant Gallion filed a reply and a second sworn declaration [Docs. 30 and 30-1]. Plaintiff then filed a document docketed as a "motion for counsel" in which Plaintiff mainly addressed the issues in the summary judgment motion [Doc. 31], and Defendant Gallion filed a response in opposition to that motion to the extent that it addresses the summary judgment motion [Doc. 32]. Magistrate Judge Corker entered an order denying Plaintiff's motion for counsel [Doc. 33]. Defendant Gallion has correctly asserted that the allegations regarding the motion for summary judgment in Plaintiff's motion for counsel would be a sur-reply for which Plaintiff did not have prior approval to file as required under the local rules. *See* E.D. Tenn. LR7.1(d). Even if the Court considers Plaintiff's allegations in the motion for counsel in ruling on Defendant Gallion's motion for summary judgment, however, those allegations fail to establish a genuine issue of material fact.

extension of an unspecified deadline [Doc. 35], motions to amend/revise his complaint [Docs. 38 and 39],[2] and motion to appoint counsel [Doc. 41] will be **DENIED as moot**.

I. **Summary Judgment Standard**

Summary judgment is proper where the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The Court cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To refute such a showing, the non-moving party must present some significant, probative evidence indicating the

---

[2] Plaintiff did not attach a copy of his proposed amended pleading to his motions to amend/revise his complaint. As such, these motions do not comply with local rule. *See* E.D. Tenn. LR15.1. Further, while it is apparent from Plaintiff's second motion to amend [Doc. 38] and Plaintiff's most recent motion to appoint counsel [Doc. 41] that Plaintiff seeks to amend his complaint to add various individuals and the Hawkins County Sheriff Office as Defendants [Doc. 39 p. 1; Doc. 41 p. 1], Plaintiff has not set forth any factual basis for any claims against these proposed Defendants. Thus, it appears that Plaintiff seeks to hold the proposed individual Defendants liable for the claims set forth in his complaint because of their supervisory positions. Under § 1983, however, "[l]iability cannot be based solely on the right to control employees." *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). Further, the Hawkins County Sheriff's Office is not a suable entity under § 1983. *Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 688–90 and n.55 (1978) (for purposes of a § 1983 action, a "person" includes individuals and "bodies politic and corporate"); *see*, *e.g.*, *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (a police department is not an entity which can be sued under § 1983). Plaintiff's proposed amendments therefore fail to state a claim upon which relief may be granted under § 1983 and would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

2

Case 2:15-cv-00002-JRG-MCLC   Document 42   Filed 08/16/16   Page 2 of 6   PageID #: 148

necessity of a trial for resolving a material factual dispute. *Id.* at 322. A mere scintilla of evidence is not enough. *Anderson*, 477 U.S. at 252; *McClain v. Ontario, Ltd.*, 244 F.3d 797, 800 (6th Cir. 2000). This Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the non-moving party. *Anderson*, 477 U.S. at 248-49; *Nat'l Satellite Sports*, 253 F.3d at 907. If the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. If this Court concludes that a fair-minded jury could not return a verdict in favor of the non-moving party based on the evidence presented, it may enter a summary judgment. *Anderson*, 477 U.S. at 251–52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

The party opposing a Rule 56 motion may not simply rest on the mere allegations or denials contained in the party's pleadings. *Anderson*, 477 U.S. at 256. Instead, an opposing party must affirmatively present competent evidence sufficient to establish a genuine issue of material fact necessitating the trial of that issue. *Id.* An allegation that a factual dispute exists cannot defeat a properly supported motion for summary judgment. *Id.* A genuine issue for trial is not established by evidence that is merely colorable, or by factual disputes that are irrelevant or unnecessary. *Id.* at 248-52.

**II. Analysis**

The only claims remaining in this action are Plaintiff's claims for retaliation arising out of the allegations that Defendant Gallion retaliated against him for filing this lawsuit by taking away his commissary visits, putting him in a lock down pod, and later having him moved to prison [Doc. 11]. In support of his motion for summary judgment, Defendant Gallion has filed a sworn declaration in which he testifies based on personal knowledge that he was not involved in

3

any of the decisions that resulted in officers taking away Plaintiff's commissary visits, putting Plaintiff in a lock down pod, or later having Plaintiff moved to prison, and that he has not taken any action or directed that any action be taken due to Plaintiff filing this lawsuit [Docs. 26-1 p. 2–4]. Defendant Gallion has therefore met his initial burden under Rule 56(c) to establish that no genuine issue of material remains in this case.

Accordingly, the Court must now determine whether Plaintiff has set forth more than a scintilla of significant, probative evidence sufficient to establish that a genuine issue of material fact does exist regarding his allegations of retaliation. *Celotex*, 477 U.S. at 322. Under Rule 56(c) of the Federal Rules of Civil Procedure, "[a] party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials." In other words, as set forth above, a party opposing a Rule 56 motion may not rest on the allegations or denials in the party's pleadings, but rather must affirmatively present competent evidence sufficient to establish a genuine issue of material fact necessitating the trial of that issue. *Anderson*, 477 U.S. at 256.

In his pleadings, Plaintiff disputes Defendant Gallion's assertion that he was not personally involved with the decisions that resulted in Plaintiff losing commissary, being moved to a pod in which he was locked down, and/or having Plaintiff shipped to prison [Doc. 29 p. 1, Doc. 31 p. 1–2]. Plaintiff, however, does not cite any affidavits, sworn declarations, and/or any other materials in the record to support his unsworn allegations that Defendant Gallion was personally involved in the relevant decisions and/or acts that Plaintiff alleges were retaliatory, nor has he shown that the materials Defendant Gallion has cited to support his motion for

4

summary judgment do not establish the absence of a genuine dispute. Fed. R. Civ. P. 56(c).[3] Accordingly, Plaintiff has failed to meet his burden to present competent evidence sufficient to establish a genuine issue of material fact necessitating the trial of this issue. *Anderson*, 477 U.S. at 256.

Under Rule 56(e), where

> a party fails to support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion . . . [and] grant summary judgment if the motion and supporting materials—including the facts considered undisputed— show that the movant is entitled to it.

Fed. R. Civ. P. 56(e). Accordingly, the Court considers Defendant Gallion's assertion that he was not personally involved in any of the decisions resulting in Plaintiff losing commissary, being moved to a pod in which he was locked down, and/or having Plaintiff shipped to prison undisputed and Defendant Gallion's motion for summary judgment [Doc. 26] will therefore be **GRANTED** and this action will be **DISMISSED**.

**III. Conclusion**

For the reasons set forth above, Defendant Gallion's motion for summary judgment [Doc. 26] will be **GRANTED** and this action will be **DISMISSED.** The Court hereby **CERTIFIES** that any appeal from this order would not be taken in good faith. Thus, should Plaintiff file a notice of appeal, this Court will **DENY** Plaintiff leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.

**AN APPROPRIATE ORDER WILL ENTER.**

**E N T E R :**

---

[3] Plaintiff likewise has not shown by affidavit or declaration any specific reason that such facts are unavailable to him at this time. Fed. R. Civ. P. 56(d).

                                                                         s/J. RONNIE GREER
                                                          UNITED STATES DISTRICT JUDGE